**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND EARL REED,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 99-6371

W.D. Okla.

(D.C. No. CV-97-1713-A)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

     Raymond Earl Reed, appearing pro se, appeals the dismissal of his petition for habeas relief filed under 28 U.S.C. § 2254. He has filed a motion for a certificate of appealability, a motion for leave to proceed in forma pauperis on

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

appeal, and a motion for a "Preventative Injunction," requesting that he not be transferred to a private prison facility. We have jurisdiction under 28 U.S.C. § 1291.

Mr. Reed was found guilty after a jury trial of first degree murder and the trial court sentenced him to life imprisonment without the possibility of parole. Mr. Reed raised the following issues in his habeas petition before the district court and raises the same on appeal: (1) he was denied effective assistance of trial and appellate counsel, (2) he was forced to wear shackles at trial, (3) he was denied due process because the trial court used testimony later recanted by a witness, (4) he was denied a fair competency hearing, (5) he was denied a fair trial because of the trial court judge's misconduct, and (6) he was denied the opportunity to be present and to present evidence at his evidentiary hearing.

The magistrate judge, in his well-reasoned and thorough report and recommendation, rejected Mr. Reed's ineffective assistance claims, and the claims subsumed therein (that counsel (1) allowed Mr. Reed to appear before the jury in shackles, (2) failed to raise psychiatric defenses, (3) changed trial strategies, and (4) failed to present a crucial witness) on the basis that they had no merit. The magistrate judge further concluded that Mr. Reed's substantive and procedural competency claims lacked merit. The magistrate judge concluded that the remaining claims were procedurally barred and that Mr. Reed had failed to

demonstrate cause and prejudice or a fundamental miscarriage of justice.    See

Coleman v. Thompson  , 501 U.S. 722, 750 (1991).  The district court subsequently

adopted the report and recommendation and denied Mr. Reed a certificate of

appealability.   See 28 U.S.C. § 2253(c).  His renewed application is before us.

A petitioner may appeal the denial of a § 2254 petition only "if a circuit

judge or justice" issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).

A certificate of appealability "may issue  . . . only if the applicant has made a

substantial showing of the denial of a constitutional right."    Id. at § 2253(c)(2).

We have thoroughly reviewed Mr. Reed's application for a certificate of

appealability, his brief, the magistrate judge's report and recommendation, the

district court's order and the entire record before us.  We grant Mr. Reed's

motion for leave to proceed in forma pauperis on appeal.  We conclude that Mr.

Reed has failed to make a substantial showing of the denial of a constitutional

right substantially for the reasons set forth in the magistrate judge's report and

recommendation.

As to Mr. Reed's request for a "Preventative Injunction," Mr. Reed

presents no authority in support of his request not to be transferred to a private

facility, nor have we found any.  "As a general matter, a state prisoner has no

federal constitutional right to serve his sentence in any particular place of

confinement and has no federal constitutional basis upon which to object to a

simple administrative transfer from one facility to another, even if the transferee facility is located in another state." See Lambert v. Sullivan, 35 F. Supp.2d 1131, 1133 (E.D. Wis. 1989). We therefore deny Mr. Reed's request.

Accordingly, we deny Mr. Reed's request for a certificate of appealability and dismiss the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge